UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MEDINA-ALVAREZ,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent.<br>_____ | Case No. CV 13-0783 ODW(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION AND ACTION WITHOUT PREJUDICE |

      On February 5, 2013, petitioner Juan Medina-Alvarez ("petitioner"), a federal prisoner who is currently housed at the Federal Correctional Institution in Lompoc, California, and is proceeding *pro se*, filed a "Petition for 28 U.S.C. § 2241 Pursuant to Habeas Corpus Statutes, [etc.]" ("Petition"). Construing the Petition liberally, petitioner appears to claim that the Bureau of Prisons ("BOP") violated petitioner's constitutional rights by reversing an initial custody and security level status determination that he was eligible for transfer to a camp and subsequently transferring him from such camp to his current low security facility. Petitioner appears to seek an order directing the BOP to transfer him back to the camp. As explained below, this Court does not have subject matter jurisdiction over petitioner's claim. Accordingly, dismissal of the Petition is appropriate.

"[F]ederal courts are courts of limited jurisdiction . . . empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." United States v. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007) (citation and internal quotation marks omitted).  Absent statutory authorization to adjudicate a case, a federal court lacks subject matter jurisdiction over the claim presented.  See Kontrick v. Ryan, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.") (citing U.S. Const., Art. III, § 1).  "Defects in [the court's] subject-matter jurisdiction go to the inherent power of the court [to hear the claim] and cannot be waived or forfeited." Castillo, 496 F.3d at 952.

In 18 U.S.C. § 3621, Congress vested authority to determine where federal prisoners are housed solely with the BOP:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate *any* available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

18 U.S.C. § 3621(b) (emphasis added).  At the same time, in 18 U.S.C. § 3625, Congress explicitly precluded judicial review of the BOP's housing decisions by excluding any "determination, decision, or order" made by the BOP pursuant to 18 U.S.C. §§ 3621-3624 from the provisions of the Administrative Procedure Act ("APA"), which authorizes federal courts to hear actions involving a "legal wrong" suffered because of an agency action.  See 18 U.S.C. § 3625; 5 U.S.C. § 702.  Consequently, while the Ninth Circuit has found that a court may review BOP regulations implementing section 3621 to determine whether they are

consistent with the statute, see generally Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), the BOP's individualized, discretionary determinations concerning where to house a particular federal prisoner are not subject to judicial review, however the claim is presented. See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); Brown v. Holder, 770 F. Supp. 2d 363, 365 (D.D.C. 2011) (pursuant to Section 3625, federal prisoners have no private right of action under the APA to challenge "their security classifications and facility designations").

      The exemption of the BOP's individualized housing determinations from judicial review is consistent with the recognition that inmates do not have a due process liberty interest in their placement and classification while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). It is well settled that prisoners have "no right to be at any particular prison" within the federal system. Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991) (due process is not implicated in federal prisoner's transfer to less desirable unit); see also Reno v. Koray, 515 U.S. 50, 63 (1995) (federal inmates "are subject to summary reassignment to any other penal or correctional facility within the system") (internal citations omitted); United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984) (district court does not have jurisdiction to decide the location of a defendant's incarceration; that decision rests solely with the executive branch), cert. denied, 469 U.S. 1211 (1985). Because "Congress has given federal prison officials full discretion" to control "prisoner classification," an inmate "has no legitimate statutory or constitutional entitlement sufficient to invoke due process" to challenge the BOP's individual classification decisions. Moody, 429 U.S. at 88 n.9; see also Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam) ("The Due Process Clause does not itself create a liberty interest in a particular prison classification.").

Even if, as petitioner appears to suggest, the BOP's determination that petitioner is a flight/security risk because of the time he spent in Mexico as a youth is flawed, the Court still lack jurisdiction to hear petitioner's individualized housing claim pursuant to Section 3625. See Reeb, 636 F.3d at 1228; see also Palmigiano v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974) ("There is no federally-protected right to a particular classification nor even to an error-free decision . . . 'The Constitution does not assure uniformity of decisions or immunity from merely erroneous action, whether by the courts or the executive agencies . . . .'") (quoting Snowden v. Hughes, 321 U.S. 1, 15 (1944) (Frankfurter, J., concurring)). Petitioner is challenging only the BOP's specific decision to assign him to a particular institution, a decision solely within the BOP's discretion pursuant to 18 U.S.C. § 3621.

Consequently, this Court lacks subject matter jurisdiction over petitioner's claim and dismisses the Petition and this action without prejudice. See Murray v. Conseco, Inc., 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.").

IT IS SO ORDERED.

DATED: March 4, 2013

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE